UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NIELS A. HEINRICH, | Case No. 1:22-cv-2294 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| U.S. BANKRUPCTY COURT, NORTHERN DISTRICT OF OHIO, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

*Pro se* plaintiff Niels A. Heinrich filed an action against the U.S. Bankruptcy Court for the Northern District of Ohio, the Office of the U.S. Trustee for District 9, and the Cuyahoga County Court of Common Pleas. This case concerns a bankruptcy petition Plaintiff filed in the United States Bankruptcy Court for the Northern District of Ohio and foreclosure and eviction proceedings filed in the Cuyahoga County Court of Common Pleas. On April 13, 2023, the Court dismissed the action. (*See* ECF No. 17.)

Plaintiff moves for a mistrial. (ECF No. 19.) Because the Court dismissed the action without a trial, this motion is not proper. Out of an abundance of caution, the Court construes the motion as one for reconsideration. Generally, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff raises no intervening change in the controlling law, fails to establish that new evidence is available that could not have been discovered with reasonable diligence or previously presented, and the Court finds no clear error in its prior ruling or manifest injustice from denying reconsideration. But the Court briefly addresses two issues Plaintiff raises in his motion.

First, Plaintiff alleges that the Court's ruling resulted, somehow, from *ex parte* communications. To support this claim, Plaintiff relies on a filing made in the Bankruptcy Court—*not* in this action. (ECF No. 19-2.) The Court had no knowledge of that filing until Plaintiff attached it to his motion for a mistrial. In fact, *no ex parte*

communications occurred. The record reflects that Defendants moved to dismiss the complaint (ECF No. 10; ECF No. 11.) The Court extended Plaintiff's deadline to respond to these motions, and he did so. (ECF No. 13; ECF No. 16.)

Second, Plaintiff complains that he did not receive a hearing on the motions to dismiss. Whether to hold a hearing lies within the sound discretion of the Court. Because of the patent lack of merit in Plaintiff's claims, the Court exercised its discretion to decide the motion on the record without a hearing.

For these reasons, the Court **DENIES** Plaintiff's motion.

**SO ORDERED.**

Dated: June 2, 2023

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio